# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **BRUCE RANKIN** : | **CASE NO:** |
| c/o Minnillo Law Group Co., LPA : | |
| 2712 Observatory Avenue : | **JUDGE:** |
| Cincinnati, Ohio 45208 : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vs. : | |
| : | |
| **RESURGENT CAPITAL SERVICES LP** : | **COMPLAINT WITH JURY DEMAND** |
| c/o Corporation Service Company : | |
| 50 West Broad Street : | |
| Suite 1330 : | |
| Columbus, Ohio 43215 : | |
| : | |
| **Defendant.** : | |

Now comes Plaintiff, Bruce Rankin, who for his complaint against the Defendant states as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Bruce Rankin is a natural person who resides in Hamilton County, Ohio, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Resurgent Capital Services LP (hereafter "RCS") is a Delaware limited partnership doing business in Ohio which regularly engages in the collection of debts and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On or about January 28, 2019, Plaintiff issued a letter to RCS regarding an account it had placed for collection with one or more of the major credit bureaus.

7. In fact, RCS had caused the subject account to be placed for collection with all three of the major credit bureaus between 2013 – 2019.

8. In the letter, Plaintiff disputed the validity of the underlying debt associated with said account.

9. On or about April 26, 2019, RCS issued a letter to Plaintiff enclosing an account summary as alleged verification of the subject debt and attempted to collect on the debt.

10. This initial RCS communication contained the standard debt notification language advising Plaintiff to notify RCS in writing if he disputes the validity of the debt.

11. Upon information and belief, the underlying financial obligation at issue was allegedly incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) ("Debt").

12. On or about May 3, 2019, Plaintiff issued a response to RCS disputing the validity of the Debt and demanding that RCS provide sufficient verification of the Debt.

13. On or about June 18, 2019, RCS issued a letter to Plaintiff enclosing only the same account summary previously provided (without any transactional detail or other documentation which establishes the validity of the Debt) and again attempting to collect on the Debt.

14. On or about June 29, 2019, Plaintiff issued a response to RCS again disputing the validity of the Debt.

15. On or about July 24, 2019, RCS again issued an identical letter and summary to the one previously provided to Plaintiff on June 18, 2019.

16. On or about July 24, 2019, RCS issued a second letter to plaintiff regarding the Debt.

17. The second letter again contained the standard notification language advising Plaintiff that the Debt would be assumed valid if he did not dispute its validity within 30 days.

18. On or about August 10, 2019, Plaintiff issued a letter to RCS demanding that it cease and desist from any further communication with him. (See 8/10/19 letter, attached hereto as Exhibit 'A')

19. In violation of Plaintiff's cease and desist demand, RCS issued a letter to Plaintiff on February 18, 2020, wherein it again attempted to collect the Debt. (See 2/18/20 letter, attached hereto as Exhibit 'B')

20. On or about March 25, 2020, RCS issued a third letter to Plaintiff regarding the Debt which contained the standard notification language advising Plaintiff that the Debt would be assumed valid if he did not dispute its validity within 30 days. (See 3/25/20 letter, attached hereto as Exhibit 'C')

21. On or about March 26, 2020, RCS issued a third letter to Plaintiff which enclosed the same account summary previously provided (without any transactional detail or other documentation which establishes the validity of the Debt) and again attempted to collect on the Debt. (See 3/26/20 letter, attached hereto as Exhibit 'D')

22. On or about April 7, 2020, Plaintiff again reiterated his dispute of the Debt and again demanded that RCS cease and desist any further communication with him. (See 4/7/20 letter, attached hereto as Exhibit 'E')

23. In violation of Plaintiff's cease and desist demand, RCS issued two additional letters to Plaintiff regarding the Debt on or about May 14, 2020.

24. One letter again contained the standard notification language advising Plaintiff that the Debt would be assumed valid if he did not dispute its validity within 30 days. (See 5/14/20 letter, attached hereto as Exhibit 'F')

25. The second letter again enclosed the same account summary previously provided (without any transactional detail or other documentation which establishes the validity of the Debt) and again attempted to collect on the Debt. (See 5/14/20 letter, attached hereto as Exhibit 'G')

26. On or about May 27, 2020, Plaintiff again demanded that RCS cease and desist any further communication with him. (See 5/27/20 letter, attached hereto as Exhibit 'H')

27. In violation of Plaintiff's cease and desist demand, RCS issued two additional letters to Plaintiff on or about June 23, 2020.

28. One letter again contained the standard notification language advising Plaintiff that the Debt would be assumed valid if he did not dispute its validity within 30 days. (See 6/23/20 letter, attached hereto as Exhibit 'I').

29. The second letter again enclosed the same account summary previously provided (without any transactional detail or other documentation which establishes the validity of the Debt) and again attempted to collect on the Debt. (See 6/23/20 letter, attached hereto as Exhibit 'J').

30. On or about June 30, 2020, Plaintiff issued another letter to RCS again demanding that it cease and desist any further communication with him and again disputing the validity of the Debt. (See 6/30/20 letter, attached hereto as Exhibit 'K').

31. In violation of Plaintiff's cease and desist demand, RCS issued two additional letters to Plaintiff regarding the Debt on or about September 24, 2020.

32. One letter again contained the standard notification language advising Plaintiff that the Debt would be assumed valid if he did not dispute its validity within 30 days. (See 9/24/20 letter, attached hereto as Exhibit 'L')

33. The second letter again enclosed the same account summary previously provided (without any transactional detail or other documentation which establishes the validity of the Debt) and again attempted to collect on the Debt. (See 9/24/20 letter, attached hereto as Exhibit 'M').

34. The amounts alleged as due in the above-referenced letters are false.

35. The representations in the above-referenced letters that any amount of debt is owed by Plaintiff is false.

36. The information provided to Plaintiff to validate the Debt was inadequate and insufficient.

37. Defendant's collection efforts, threats, and false statements caused Plaintiff embarrassment, anxiety, and severe emotional distress, among other things.

38. Defendant's collection efforts have continued despite Plaintiff's legally binding cease and desist communications delivered to Defendant.

39. Plaintiff submits that, upon information and belief, the facts alleged herein represent a pattern and practice of violation of the FDCPA by Defendant and/or its agents, and Plaintiff gives notice of intent to amend to bring appropriate claims on behalf of others pending

further investigation and/or discovery.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The written statements made by Defendant that Plaintiff was responsible for the Debt, that any amount of Debt was owed, that Defendant was authorized to collect on the Debt, and that Defendant adequately and sufficiently validated the Debt were false; therefore, Defendant falsely represented the character, amount, or legal status of the Debt.

42. Defendant's collection practices were deceptive, unfair, and/or unconscionable.

43. Further, Defendant failed on multiple occasions to comply with Plaintiff's multiple demands to cease and desist any further communications.

44. Finally, Defendant failed on multiple occasions to provide timely and sufficient verification or validation of the Debt and instead continued its collection efforts and refused to remove the associated account from the three major credit bureaus.

45. The foregoing acts and omissions of the Defendant and its agent(s) constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692c(c), 1692d, 1692e(2)(A), 1692e(10), 1692(f), and 1692g(b) with respect to the Plaintiff.

46. Plaintiff sustained actual damages as a direct and proximate result of Defendant's actions, including but not limited to embarrassment, anxiety, and severe emotional distress.

47. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## OHIO CONSUMER SALES PRACTICES ACT

48. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

49. Plaintiff is a consumer within the meaning of the Ohio Consumer Sales Practices Act. O.R.C. § 1345.01 et seq.

50. Defendant is a supplier covered by the Ohio Consumer Sales Practices Act. O.R.C. 1345.01 et seq. with respect to the conduct alleged herein.

51. Defendant's actions as alleged herein are substantially similar to acts and/or practices that have previously been found to violate the Ohio Consumer Sales Practices Act by one of the methods identified in O.R.C. 1345.09(B) and which were available for public inspection in accordance with O. R. C. 1345.05(A)(3) before the transactions at issue herein.

52. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the Ohio Consumer Sales Practices Act, including but not limited to O.R.C. §§ 1345.02 and 1345.03 with respect to Plaintiff.

53. Plaintiff sustained actual damages as a direct and proximate result of Defendant's actions, including but not limited to anxiety and emotional distress.

WHEREFORE, Plaintiff Bruce Rankin demands judgment against the Defendant as follows:

1) for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

2) for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant and for Plaintiff;

3) for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff;

4) for an award of all relief available under O.R.C. 1345.09, including without limitation actual damages, treble damages, non-economic damages, reasonable attorney fees and costs; and

5) for such other relief as the Court deems just and equitable under the premises.

Respectfully submitted,

**MINNILLO LAW GROUP Co., LPA**

/s/ James D. Ludwig
James D Ludwig (OH-0065234)
2712 Observatory Avenue
Cincinnati, Ohio 45208
Tel:  (513) 723-1600
Fax:  (513) 723-1620
jdl@mlg-lpa.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable in this matter.

/s/ James D. Ludwig
James D Ludwig (OH-0065234)