### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **BRUCE RANKIN** <br> c/o Minnillo Law Group Co., LPA <br> 2712 Observatory Avenue <br> Cincinnati, Ohio 45208 | : <br> : <br> : <br> : <br> : | Case NO.:  1:21-cv-147 <br><br> **Judge Michael R. Barrett** |
| **Plaintiff,** | : <br> : | |
| v. | : <br> : | |
| **RESURGENT CAPITAL SERVICES LP** <br> c/o Corporation Service Company <br> 50 West Broad Street <br> Suite 1330 <br> Columbus, Ohio 43215 | : <br> : <br> : <br> : <br> : <br> : | **MOTION TO COMPEL SUBJECT INTERROGATORIES AND PRODUCTION OF DOCUMENTS** <br><br> **ATTORNEY FEES REQUESTED** |
| **Defendant.** | : <br> : | |

Pursuant to Civ. R. 37(a), Plaintiff Bruce Rankin, by and through undersigned counsel, hereby moves this Court to compel Defendant Resurgent Capital Services LP to produce documents in response to Plaintiff's first set of Requests for Production of Documents directed to Defendant.  The factual basis supporting this Motion is fully set forth in the Memorandum that follows.  Plaintiff respectfully requests reimbursement of any and all attorney fees and expenses incurred (both extrajudicial and judicial) in compelling the subject discovery responses.

Respectfully submitted,

**MINNILLO LAW GROUP Co., LPA**

/s/ James D. Ludwig
James D. Ludwig (OH-0065234)
2712 Observatory Avenue
Cincinnati, OH 45208
Tel:  (513) 723-1600
Fax:  (513) 723-1620
jdl@mlg-lpa.com
*Counsel for Plaintiff*

**MEMORANDUM**

I.    **FACTS AND PROCEDURAL BACKGROUND**

1. Pursuant to the Joint Discovery Plan submitted to the Court on June 8, 2021, the Court issued its initial Calendar Order on June 11, 2021.

2. Plaintiff's First Set of Interrogatories, Request for Production of Documents, and Request for Admissions were served on August 17, 2021.

3. On September 16, 2021, pursuant to agreement between counsel, the discovery response deadline was extended.

4. On September 24, 2021, pursuant to agreement between counsel, the discovery response deadline was extended.

5. Defendant's initial responses were received on October 1, 2021.

6. On October 6, 2021, Defendant's initial non-confidential document production was received. The initial non-confidential document production consisted of 194 pages; however, only documents 1-72 were accessible.

7. On October 13, 2021, Defendant's counsel submitted the remainder of the initial documents (73-194).

8. On October 13, 2021, the undersigned counsel emailed Defendant's counsel outlining no less than ten deficient discovery items requiring supplementation.

9. Upon reaching impasse, the undersigned counsel requested a Discovery Dispute Conference.

10. On November 16, 2021, a Discovery Dispute Conference was held at 3:00 PM to discuss a few of the key discovery issues, specifically Defendant's failure to comply with its

obligation to provide sufficient responses to Request for Production ("RFP") related to the bona fide error ("BFE") defense, namely RFP 6-9 and 12.

11. On November 18, 2021, Defendant's counsel submitted supplementary discovery responses.

12. On November 22, 2021, upon review of the supplemental responses, the undersigned counsel notified Defendant that its discovery responses remained insufficient. In addition to the insufficient responses related to the BFE defense, there were two other key areas of insufficiency brought to Mr. Gentry's attention. One was the failure to provide sufficient transactional detail related to the alleged account balance as requested in interrogatories 8 and 12. The other was the complete lack of internal and third-party documentation (other than party-to-party correspondence) provided (RFP 3).

13. On November 29, 2021, Defendant's counsel submitted to the undersigned counsel a partial inventory of FDCPA and other policies to consider with regard to the BFE related discovery inquiries in RFP 6-9 and 12.

14. As counsel were unable to agree on the number of discoverable policies and the other discovery issues remained, Plaintiff's counsel informed the Court on December 1, 2021, that an impasse had been reached.

15. The Court granted Plaintiff leave to file a Motion to Compel.

16. Since that date, Defendant's counsel has submitted a few additional policies, but the responses remain deficient in the three key areas noted above.

17. Defendant's counsel has received multiple requests, both in writing and telephonically, to furnish the subject discovery responses, and has been given more than reasonable

notice that this motion to compel discovery would be filed if the discovery responses were not obtained by informal means.

18. The undersigned counsel has exhausted all extrajudicial means by which to resolve this discovery dispute and hereby certifies that a good faith attempt has been made to obtain the requested discovery without court action.

## II. STANDARD OF REVIEW

Rule 37 of the Federal Rules of Civil Procedure allows for a motion to compel discovery responses when a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents as requested pursuant to Rule 34. Fed. R. Civ. P 37(a)(3)(B)(iv). Pursuant to Fed. R. Civ. P. 37(a)(1), the party seeking to compel discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." As noted above, the undersigned counsel has given Defendant more than enough time to provide sufficient responses. Despite these efforts, Defendant has refused to adequately supplement its discovery responses. Defendant's failure necessitates this motion and Plaintiff therefore seeks relief from this Court.

## III. LEGAL ANALYSIS

On August 17, 2021, the undersigned counsel served Defendant's counsel with Plaintiff's First Set of Interrogatories and Requests For Documents Directed to Defendant. See Exhibit A, attached. The interrogatories and document requests sought, among other things, for Defendant to respond to the interrogatories fully and in the case of documents, by production of all such documents. The discovery at issue falls into three categories: the Bonafide Error Defense, Verification, and Relevant Servicing Parties.

**A. Bona Fide Error (BFE) Defense**

Under the Federal Debt Collection and Practices Act, the BFE defense can be asserted by a Defendant who claims that any possible violation of the Act was not intentional and resulted from a bona fide error that occurred despite the maintenance and existence of company procedures that were reasonably adopted to avoid such errors. Defendant has pleaded the BFE defense as an affirmative defense. See Answer to Amended Complaint, Par. 1 of Additional Defenses. In order to probe this defense, the following discovery requests were generated:

> RFP #6. Produce all documents, including but not limited to operation manuals, training manuals, and all other operations and training materials, relating to the maintenance of procedures by the Defendant adapted and/or adopted to avoid any violation of the Fair Debt Collection Practices Act.
>
> RFP #7. Produce all documents, including but not limited to operation manuals, training manuals, and all other operations and training materials, relating to Defendant's debt collection procedures.
>
> RFP #8. Produce all documents relating to the Defendant's procedures to provide verification or validation of an alleged debt.
>
> RFP #9. Produce all documents relating to the Defendant's responsive procedures, if any, employed when a debtor issues a demand which qualifies for statutory protection pursuant to 15 U.S.C. §1692c(c).
>
> RFP #12. Produce all documents related to or upon which you rely to support the First Defense.

Each request is narrowly tailored to elicit information and documentation related to the BFE defense and thus are likely to lead to the discovery of admissible evidence.

Documents relating to Defendant's collection policies and practices are directly relevant to whether Defendant maintained procedures reasonably adapted to avoid any bona fide error and should be disclosed. Instead, Plaintiff has only received a small subset of Defendant's available policies[1]. Moreover, each and every one of the policies provided references additional policies, none of which have been provided by Defendant.

Plaintiff is entitled to review the "documents relating to defendants' collection policies and practices" because said documents "are directly relevant to whether defendant maintained procedures reasonably adapted to avoid any bona fide error defense and [therefore] *must be disclosed*." (emphasis added) *Hastings v. Asset Acceptance, LLC*, Civil Action No. 1:06-cv-418, 2007 U.S. Dist. LEXIS 9206, at *4 (S.D. Ohio Feb. 6, 2007).

In *Fausz v. NPAS, Inc.,* in response to a substantially similar request to those at issue herein for FDCPA compliance policies and procedures, the defendant likewise submitted a small subset of documents in response to discovery. However, the Court agreed with plaintiff and stated that she was "fully entitled to (all) the compliance procedures, policies, and manuals of NPAS." *Fausz v. NPAS, Inc.,* No. 3:15-CV-00145-CRS, 2017 U.S. Dist. LEXIS 226263, at *33 (W.D. Ky. Jan. 11, 2017).

In order for Defendant to assert the BFE defense, the Defendant must prove by a preponderance of evidence (1) the violation was not intentional, (2) the violation resulted from a bona fide error, and (3) the violator maintained procedures reasonably adapted to avoid such error. *Edwards v. McCormick,* 136 F.Supp.2d 795, 800 (S.D. Ohio 2001). The requests at issue are directly related to the third element of the BFE defense and therefore must be provided.

---

[1] This list was labeled as confidential.

**B. Verification**

The second category includes interrogatories and document requests that relate to Defendant's verification of the debt. The Complaint is littered with allegations related to Defendant's failure to sufficiently verify the debt or otherwise comply with 15 U.S.C. 1692g(b). See First Amended Complaint, Par. 12-15, -21, -25, -29, 33, 38.

The following discovery requests are germane to this issue:

> Interrogatory 8. State in detail the manner in which the Balance of the Account was determined, separately identifying the underlying transaction(s) and payments, and accounting for any fees, surcharges, penalties, rate increases, and interest.

> Interrogatory 12. Identify all documents, including without limitation electronic records, relating in any way to payments made by anyone on the Account (or related underlying GE or JC Penny account), including without limitation payment history reports, payment reminders, delinquency notices, correspondence, payment vouchers, checks, remittances, and receipts.

Each request is narrowly tailored to elicit information and documentation related to the BFE defense and thus are likely to lead to the discovery of admissible evidence.

The purpose of the verification provision is to provide the consumer with "notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 786 (6th Cir. 2014). The Court in *Haddad* further stated that "it should provide the date and nature of the transaction that led to the debt, such as a purchase on a particular date, a missed rental payment for a specific month, a fee for a particular service provided at a specified time, or a fine for a particular offense assessed on a certain date." In response to the

subject requests, Defendant has submitted only the Summary of Account Activity with no transactional detail beyond charge off amounts and date of last payment. See Exhibit B, attached. But *Haddad* instructs us that the consumer is entitled to the underlying transactional detail. Therefore, it stands to reason that Defendant should be compelled to provide such detail in discovery, even though it may maintain that it has provided sufficient verification.

Further since Plaintiff is entitled to transactional detail, it follows that a complete payment history should also be disclosed as requested in interrogatory 12. Instead, Defendant has only provided the date of the last payment. Following the reasoning of *Haddad*, the alleged debtor is entitled to more detail in order to substantiate the account history and alleged balance due.

### C. Internal and Third-Party Communications and Documentation

Last but not least, as in nearly any case involving a corporate defendant, there is an all-encompassing discovery request seeking communications and documents related to the subject matter at issue. Here the subject matter is the applicable Account. As such, RFP 3 seeks the following:

> RFP #3. Produce all documents relating to the Account and the collection of the Balance or related debt, including but not limited to any and all internal and external non-privileged email and text communications.

Defendant submitted a two-page account history containing unintelligible notes and abbreviations. See Exhibit C, attached. There are no internal or third-party communications (to servicers, credit bureaus, prior owners, etc.). Moreover, there are no screenshots, reports, etc., from the underlying account management software including but not limited to credit bureau report history, information collection history, load account data forms, account status history, ACDV screens, etc. It is as if this Account never existed beyond the correspondences exchanged between

the Parties. Clearly, Plaintiff is entitled to all Account communications and documentation, not just those exchanged between the parties. Such third-party and internal discovery is likely to lead to the discovery of admissible evidence.

## IV. CONCLUSION

WHEREFORE, for the above stated reasons, Plaintiff respectfully requests this Honorable Court grant the motion and compel Defendant Resurgent to immediately submit full and complete responses to the subject discovery requests referenced herein. A proposed Order is attached hereto.

Respectfully submitted,

**MINNILLO LAW GROUP Co., LPA**

/s/ James D. Ludwig
James D. Ludwig (0065234)
2712 Observatory Avenue
Cincinnati, OH 45208
Tel: (513) 723-1600
Fax: (513) 723-1620
jdl@mlg-lpa.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Plaintiff's Motion to Compel was served on the below listed party by electronic mail this 13th day of January 2022.

Boyd W. Gentry
Zachary P. Elliott
Law Office f Boyd W. Gentry, LLC
4031 Colonel Glenn Highway, 1st Floor
Beavercreek, OH 45431
bgentry@boydgentrylaw.com
zelliott@boydgentrylaw.com

/s/ James D. Ludwig
James D. Ludwig (0065234)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **BRUCE RANKIN** | : | Case NO.: 1:21-cv-147 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | |
| | : | **ORDER GRANTING MOTION TO** |
| **RESURGENT CAPITAL SERVICES LP** | : | **COMPEL SUBJECT** |
| | : | **INTERROGATORIES AND** |
| Defendant. | : | **PRODUCTION OF DOCUMENTS** |
| | : | |
| | : | **ATTORNEY FEES AWARDED** |
| | : | |

This cause coming before the Court on Plaintiff's Motion to Compel Subject Interrogatories and Production of Documents / Attorney Fees Requested, the Court finds the motion WELL TAKEN.

Plaintiff's Motion to Compel Subject Interrogatories and Production of Documents is hereby GRANTED.

Defendant shall cause full and complete responses to the subject discovery requests to be submitted to Plaintiff's counsel immediately.

Plaintiff's request for reimbursement of attorney fees and costs is APPROVED.

Defendant shall immediately reimburse Plaintiff's counsel for any and all fees and expenses incurred (both extrajudicial and judicial) in compelling the subject discovery responses.

**IT IS SO ORDERED.**

_____              _____
Date                                                                                  Judge Michael R. Barrett


Copies to all counsel of record.