# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Bruce Rankin | : | Case No.:  1:21-cv-00147 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| vs. | : | |
| | : | |
| Resurgent Capital Services LLP | : | |
| | : | |
| Defendant. | : | |

**FIRST SET OF INTERROGATORIES,**
**REQUESTS FOR PRODUCTION OF DOCUMENTS,**
**AND REQUEST FOR ADMISSIONS, DIRECTED AT**
**DEFENDANT RESURGENT CAPITAL SERVICES LLP**

Pursuant to Rules 26, 33 and 34  of the Federal Rules of Civil Procedure, Plaintiff, by and through counsel, hereby requests that Defendant, Resurgent Capital Services LLP (hereinafter, "RCS"), respond to the following Interrogatories, Request for Production of Documents, and Request for Admissions separately and fully, in writing and under oath, within thirty (30) days of service hereof, and, in the case of documents, by production of all such documents at the offices of Minnillo Law Group Co., LPA, 2712 Observatory Avenue, Cincinnati, Ohio 45208.

## I.  GENERAL PROVISIONS

1.     As used herein, the singular form of a noun or a pronoun shall be considered to include within its meaning the plural form of the noun or pronoun as used and vice versa.  In similar fashion, the use of the masculine form of a pronoun shall be considered also to include within its meaning the feminine form of the pronoun so used, and vice versa; also in similar fashion, the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb so used.

2.      These requests shall be deemed continuing so as to require additional responses and/or documents if further information is obtained between the time the responses are served and the time of all hearings or trial.  Such additional responses and/or documents/things shall be served and/or produced from time to time, but no later than thirty (30) days after such additional information is received.

3.      If you object to the whole or any part of a request, for any reason, separately and specifically state the grounds for the objection.

4.      If you object to the identification of any document, thing or person, for any reason, separately and specifically state the grounds for the objection.

5.      If you claim any form of privilege, whether based on a statute or otherwise, as a ground for not answering an interrogatory or any portion thereof, or as a ground for not producing any document or thing requested, set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the Court to make a full determination regarding whether the claim of privilege is valid.

6.      If you claim any form or privilege, whether based on a statute or otherwise, as a ground for not describing a requested oral communication, state the following with respect to each such communication:

      (a)      the date thereof;

      (b)      the name, and present or last known home and business addresses and telephone numbers, title (or position) and occupation of each of the participants in the oral communication;

(c)    the name, and present or last known home and business addresses and telephone numbers, title (position) and occupation of each position present during all or any part of the oral communication;

(d)    a description of the oral communication which is sufficient to identify the particular communication without revealing the information for which a privilege is claimed; and

(e)    with sufficient specificity to permit the Court to make a full determination regarding whether the claim of privilege is valid, state each and every fact or basis on which you claim any such privilege.

7.    Where an interrogatory calls for the description of a writing as to which you would claim a privilege, whether based on a statute or otherwise, as a ground for non-production, you shall set forth with respect to the writing, in addition to any other information requested, its:

(a)    date;

(b)    author;

(c)    addresses, if any;

(d)    title;

(e)    type of tangible thing (i.e., letter, memorandum, telegram, chart, report, recording disc);

(f)    subject matter (without revealing the information as to which privilege is claimed); and

(g)    with sufficient specificity to permit the Court to make a full determination regarding whether the claim or privilege is valid, each and every fact or basis on which you claim such privilege.

8.     In lieu of identifying any document or thing where requested by these Interrogators, Defendant may attach a legible, complete copy of such document or thing.

## II.  DEFINITIONS

1.     The words "you," "your" and "Defendant" means Resurgent Capital Services LP, and each employee, officer, director, shareholder, agent or representative, including attorneys, and all other persons acting or purporting to act on behalf of Resurgent Capital Services LP.

2.     The word "employee" means any person who engaged in work either directly or indirectly for the benefit of the Defendant, including but not limited to part-time and full-time employees, independent contractors, corporate officers or principals, or another other person who engaged in work either directly or indirectly for the benefit of the Defendant.

3.     The words "document" or "documents" as used herein shall be deemed to include any written, printed, typed or other graphic matter of any kind or nature, drafts and copies bearing notations or marks not found on the original, including emails, texts, reports, notes, letters, envelopes, telegrams, messages (including references), studies, analyses, comparisons, books, articles, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes of all other communications of any type, including inter- and intra- office communications, purchase orders, questionnaires and surveys, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, punch cards, magnetic tapes, discs, data cells, drums, printouts, and other data compilations from which information can be obtained.  The words "thing" or "things" as used herein shall be deemed to include any other tangible object that is not a "document" as defined hereinabove.

4.     The words "identify" and "identity" or "identification":

(a)     when used herein in reference to a natural person, shall require you to state (1) his full name and the present or last known address of his residence, (2) his present or last known business affiliation and position therewith, and (3) each of his business affiliations and positions in respect thereto, and (4) his current telephone number;

(b)     when used in reference to any entity other than an individual, shall require you to state (1) its full name, (2) nature of organization including the name of the state under which same was organized, (3) address, and (4) principal line of business;

(c)     when used in reference to a document, shall require you to state (1) its date, (2) it author, (3) the type of document (e.g., letter, memorandum, receipt, invoice, schedule, report, telegraph, chart, photograph, sound reproduction, or note), (4) its source (i.e., from whom you obtained it), and (5) its present location and the name of the present custodian or each custodian if there is more than one copy thereof.  If any such document was, but is no longer, in your possession or subject to your control, or it is no longer in existence, state whether it is (1) missing or lost, (2) destroyed, (3) transmitted or transferred, voluntarily or involuntarily to others, identifying such others or (4) otherwise disposed of, and in each instance, explain the circumstances surrounding and authorization for such disposition and state the date or approximate date thereof.

5.     The word "person" or "persons" as used herein shall be deemed to include natural persons, firms, partnerships, associations, joint ventures, trustees, and corporations.

6.     The terms "related to," "concerning," "regarding," or the like require production of all documents which in any way, explicitly and implicitly, directly or indirectly, refer to, or could reasonably be construed to refer to, the subject matter of this specific request.

7.      The term "Account" refers to the account, which is the subject of this lawsuit, identified by the following Account Details:

Account Number:  xxx-xxxx-xxxx-6129

Current Owner:  CACH, LLC

Original Creditor:  GE Money Bank

Reference ID:  ******397

Balance:  $413.58

8.      In the event an Interrogatory seeks information which you believe was previously requested or provided, you are still required to provide <u>all</u> of the requested information or identify by date and title the document in which <u>all</u> of the requested information was previously provided.

### III.  INTERROGATORIES

1.      Identify each and every individual participating in any way in providing responses to these discovery requests, including counsel.

**ANSWER:**


2.      Identify each and every witness you intend to call to testify at any hearing or trial in this matter.

**ANSWER:**


3.      Identify all documents you intend to use as exhibits at any hearing or trial in this matter.

**ANSWER:**

6

4.      Identify each and every individual involved in any and all debt collection activities related to the Account, including but not limited to all account and customer service representatives who communicated with Plaintiff regarding the Account (via verbal or written means) and/or otherwise managed, supported or serviced the Account.

**ANSWER:**

5.      State the date on which the underlying account was opened with the Original Creditor and state the name of the person who applied for the account.

**ANSWER:**

6.      State the date on which the underlying account with the Original Creditor was closed.

**ANSWER:**

7.      State the address, including city and state, indicated by the application or any other records, as being the address at which Defendant resided when he allegedly opened the underlying account with the Original Creditor.

**ANSWER:**

8.      State in detail the manner in which the Balance of the Account was determined, separately identifying the underlying transaction(s) and payments, and accounting for any fees, surcharges, penalties, rate increases, and interest.

**ANSWER:**

9.     State all addresses to which statements for the Account (or related underlying GE or JC Penny account) were sent for the time period during which the Balance was allegedly incurred.

**ANSWER:**


10.     Identify all persons other than Plaintiff with whom you communicated about the Account, including consumer reporting agencies.

**ANSWER:**


11.     Identify all documents relating in any way to the Balance, including without limitation all credit card applications, financial statements, correspondence, emails, and/or memoranda.

**ANSWER:**


12.     Identify all documents, including without limitation electronic records, relating in any way to payments made by anyone on the Account (or related underlying GE or JC Penny account), including without limitation payment history reports, payment reminders, delinquency notices, correspondence, payment vouchers, checks, remittances and receipts.

**ANSWER:**


13.     Identify all documents, electronic or otherwise, relating in any way to or reflecting any portion of communications between Plaintiff and Defendant, including without limitation,

written correspondence, emails, faxes, audio recordings and transcriptions, contact management system records, electronic notation system records, account records and account history notes.

**ANSWER:**


14.    Identify all documents relating in any way to Defendant's efforts to collect the Balance on the Account, including without limitation all correspondence, collection letters, internal and external emails and account notes, voicemail and telephone records, memoranda, faxes, agreements and releases.

**ANSWER:**


15.    Identify all documents relating in any way to Plaintiff's dispute of the debt (as articulated in written communications including but not limited to letters dated 1/28/19, 5/3/19, 6/29/19, and 4/7/20) and Defendant's efforts (if any) to provide verification of the Balance or Account debt or otherwise establish its validity.  Identify any and all individuals who reviewed, investigated, responded to, or were otherwise involved (including managers and supervisors) in Plaintiff's dispute.

**ANSWER:**


16.    Identify all documents relating in any way to any requests for information from Defendant to Plaintiff, including but not limited to requests for "full file disclosure" in a letter dated 4/7/20.  Identify any and all individuals who reviewed, investigated, responded to, or were otherwise involved (including managers and supervisors) in Plaintiff's requests for information or Defendant's efforts to validate or verify the alleged debt or Balance.

**ANSWER:**

17.     Identify all documents relating in any way to Defendant's efforts to comply with Plaintiff's cease and desist (i.e., "demanding that RCS and any affiliates of RCS cease and desist all communications with me for the purposes of collecting this debt") demands set forth in in his 8/10/19, 4/7/20, 5/27/20, and 6/30/20 letters directed to Defendant.  Identify any and all individuals who reviewed, investigated, responded to, or were otherwise involved (including but not limited to managers and supervisors) in Defendant's post cease and desist actions.

**ANSWER:**

18.     Identify all documents relating in any way to communications from Plaintiff's counsel (including but not limited to written communication to Defendant dated 10/30/20) and Defendant's subsequent debt collection actions.  Identify any and all individuals who reviewed communications from Plaintiff's counsel, authored subsequent debt collection communications, authorized subsequent debt collection communications, or was otherwise involved (including managers and supervisors) with said communications from counsel and Defendant's subsequent actions.

**ANSWER:**

19.     With respect to the purchase of said Account, provide the transactional details of said purchase, including without limitation the consideration paid therefore, the individuals directly involved in the transaction, and identify the documents relating thereto.

**ANSWER:**

20.     With respect to your servicing of the Account for Owner, provide the transactional details of said agreement, including without limitation the consideration paid therefore, the individuals directly involved in the transaction, and identify the documents relating thereto.

**ANSWER:**

21.     Identify all documents and information you received about the Account (or related underlying GE or JC Penny account) prior to your initial communication with Plaintiff.

**ANSWER:**

22.     Other than communication from Plaintiff, identify all documents and information you received about the Account (or related underlying GE or JC Penny account) subsequent to your initial communication with Plaintiff.

**ANSWER:**

23.     Identify all servicing companies that have had responsibility for servicing the underlying GE or JC Penny account from the time of its inception to the present, and identify all documents relating thereto including without limitation any agreements with such entities, correspondence, emails, memoranda and faxes.

**ANSWER:**

24.     Identify all debt collectors retained, employed or utilized by Plaintiff at any time in connection with the Account.  For each such individual or organization, identify all documents relating thereto including agreements, correspondence, emails, memoranda and faxes.

     **ANSWER:**


25.     Has the Balance or Account debt been in the possession of any other company besides GE Money Bank. CACH, LLC or Resurgent Capital Services LP? If yes, please identify the company and state the time period that company owned the debt.

     **ANSWER:**


26.     If any of your responses to any of the Requests for Admissions served herewith are anything other than unqualified admissions, as to each such response:

> a)  state each and every fact you contend supports such response;
>
> b)  identify all documents relating thereto;
>
> c)  identify all individuals with knowledge thereof;

**ANSWER:**


## IV.  REQUEST FOR ADMISSIONS

1.     Admit that the subject Balance qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5).

     **ANSWER:**

2.      Admit that Defendant acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6) with respect to its efforts to collect the Balance of the Account.

        **ANSWER:**


3.      With respect to the Account at issue, admit that Plaintiff is a "consumer" as defined at 15 U.S.C. § 1692a(3).

        **ANSWER:**


4.      Admit that Plaintiff disputed the validity of the Balance ("Debt").

        **ANSWER:**


5.      Admit that Plaintiff requested proper debt validation and full file disclosure from Defendant.

        **ANSWER:**


6.      Admit that in response to Plaintiff's dispute of the Debt and requests for proper debt validation and full file disclosure, Defendant submitted only an Account Summary Report.

        **ANSWER:**


7.      Admit that you did not provide any transactional detail of the Debt to Plaintiff in response to Plaintiff's dispute or requests for proper debt validation and full file disclosure.

        **ANSWER:**

8.      Admit that you did not provide to Plaintiff any agreements between Plaintiff and the Original Creditor (GE Money Bank).

**ANSWER:**

9.      Admit that you did not provide an accounting of the Debt to Plaintiff.

**ANSWER:**

10.      Admit that, in a letter dated June 30, 2020, Plaintiff instructed you to cease all communications with him regarding this debt.

**ANSWER:**

11.      Admit that you received the letter referenced in Paragraph 11 above.

**ANSWER:**

12.      Admit that you issued four additional letters to Plaintiff after you received the above referenced 6/30/20 letter.

**ANSWER:**

13.      Admit that on November 16, 2020, you received a 10/30/20 written communication from Plaintiff's counsel regarding Reference # ******397.

**ANSWER:**

14.    Admit that the letter clearly indicated that Plaintiff was represented with respect to the subject Debt.

**ANSWER:**


15.    Admit that you caused two additional debt collection communications to be sent directly to Plaintiff on or about November 20 and 21, 2020.

**ANSWER:**


## V.  DOCUMENT REQUESTS

1.    Produce all documents you plan to use as exhibits at trial or any hearing.

**RESPONSE:**


2.    Produce all documents identified in response to the foregoing interrogatories.

**RESPONSE:**


3.    Produce all documents relating to the Account and the collection of the Balance or related debt, including but not limited to any and all internal and external non-privileged email and text communications.

**RESPONSE:**


4.    Produce all documents relating in any way to the computation of the Balance identified in the Account.

**RESPONSE:**

5.      Produce any agreement between Plaintiff and the Original Creditor as identified in the Account.

**RESPONSE:**

6.      Produce all documents, including but not limited to operations manuals, training manuals, and all other operations and training materials, relating to the maintenance of procedures by the Defendant adapted and/or adopted to avoid any violation of the Fair Debt Collection Practices Act.

**RESPONSE:**

7.      Produce all documents, including but not limited to operations manuals, training manuals, and all other operations and training materials, relating to Defendant's debt collection procedures.

**RESPONSE:**

8.      Produce all documents relating to the Defendant's procedures to provide verification or validation of an alleged debt.

**RESPONSE:**

9.      Produce all documents relating to the Defendant's responsive procedures, if any, employed when a debtor issues a demand which qualifies for statutory protection pursuant to 15 U.S.C. §1692c(c).

**RESPONSE:**

10.     Produce any insurance policies covering the Defendant for alleged violations of the Fair Debt Collections Practices Act.

**RESPONSE:**

11.     Produce all form letters, enclosures, envelopes, memoranda, and other debt collection documents utilized by Defendant in its capacity as a debt collector.

**RESPONSE:**

12.     Produce all documents related to or upon which you rely to support the First Defense.

**RESPONSE:**

13.     Provide all documents related to or upon which you rely to support the Second Defense.

**RESPONSE:**

14.     Provide all documents related to or upon which you rely to support the Third Defense.

**RESPONSE:**

15.    Provide all documents related to or upon which you rely to support the Fourth Defense.

    **RESPONSE:**


16.    Provide all documents identified in Defendant's Initial Disclosures.

    **RESPONSE:**


    Respectfully submitted,

    **MINNILLO LAW GROUP CO., LPA**

    /s/ James D. Ludwig
    James D. Ludwig (0065234)
    2712 Observatory Avenue
    Cincinnati, Ohio 45208
    Tel:  (513) 723-1600
    Fax:  (513) 723-1620
    jdl@mlg-lpa.com
    *Counsel for Plaintiff*

## <u>VERIFICATION</u>

STATE OF OHIO                              :
                                                       :   ss:
COUNTY OF _____   :


_____, verifies that the foregoing Responses to Plaintiff's Interrogatories are true and correct to the best of his/her recollection, knowledge, information and belief at this time.


_____


## <u>NOTARY</u>

Sworn to and subscribed in my presence this _____ day of _____, 2021.


_____
Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Discovery Requests have been

duly served upon the following by electronic mail on August 17, 2021:

> Boyd W. Gentry
> Zachery P. Elliott
> Law Office of Boyd W. Gentry, LLC
> 4031 Colonel Glenn Highway, 1st Floor
> Beavercreek, OH  45431
> bgentry@boydgentrylaw.com
> zelliott@boydgentrylaw.com

/s/ James D. Ludwig
James D. Ludwig (0065234)