# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Bruce Rankin, | : | Case No: 1:21-cv-147 |
| Plaintiff, | : | Judge: Michael R. Barrett |
| v. | : | |
| Resurgent Capital Services LP, | : | Memorandum in Opposition to Plaintiff's Motion to Compel Additional Discovery Production |
| Defendant. | : | |

Now comes Defendant Resurgent Capital Services LP ("Resurgent") and provides the following for its memorandum in opposition to Plaintiff Bruce Rankin's motion to compel interrogatories and production of documents. Plaintiff's motion to compel should be denied because Resurgent has already provided sufficient discovery responses, and the information that Plaintiff seeks in his motion to compel has no bearing on the claims and defenses. Specifically, Plaintiff alleges the following:

> 47. Further, Defendant failed on multiple occasions to comply with Plaintiff's multiple demands to cease and desist any further communications.
>
> 48. Further, Defendant failed on multiple occasions to provide timely and sufficient verification or validation of the Debt and instead continued its collection efforts and refused to remove the associated account from the three major credit bureaus.
>
> 49. Finally, Defendant communicated directly with Plaintiff pursuant to its attempts to collect on the Debt, despite having actual knowledge that Plaintiff was represented by the undersigned counsel with respect to the Debt.

*See* ECF Doc. # 4, Page ID # 74-75.  Resurgent raised the bona fide error defense in it's Answer, 15 U.S.C. 1692k.

Thus, the Complaint and Answer put three things at issue:

1

(1) Plaintiff's request for a cessation of communication and Resurgent's response and related procedure (to support the bona fide error defense);

(2) Plaintiff's request for verification of the account and Resurgent's response and related procedure (to support the bona fide error defense); and

(3) Plaintiff's request that communications be made through his counsel and Resurgent's response and related procedure (to support the bona fide error defense).

Before Plaintiff filed his motion to compel, Resurgent already produced all documents (\_\_\_\_\_ pages of responsive documents) and things related to those claims and defenses. Specifically, Resurgent produced all of the account information in its possession, including all correspondence between the parties. Resurgent also produced requested procedures on eight additional topics which are not implicated here (list below).

This demonstrates that Resurgent produced its documents containing procedures on topics not even implicated in this case. Only the three procedure documents related to the three issues (cease and desist requests, verification requests, and attorney representation) would be used to support the bona fide error defense. Nonetheless, Plaintiff requested, and Resurgent produced, written procedures on unrelated topics such as acquisition of location information (not at issue here), and handling out-of-statute debts (not at issue here). There is nothing relevant being withheld. There was no need for Plaintiff to file his motion to compel.

On December 2, 2021, counsel for Resurgent wrote to Plaintiff's counsel to explain this. Plaintiff persists claiming that he needs

1. More policies and procedures related to relevant to the bona fide error defense **(there are no additional documents relevant to this defense)**;

2. More "transactional details related to the alleged account balances as requested in interrogatories 8 and 12" **(there are no more details in Resurgent's**

> **possession as Resurgent is not the current creditor nor the original creditor)**; and

3. More "internal and third-party documentation" **(there are no additional documents in Resurgent's possession)**.

Although Plaintiff claims otherwise, Resurgent already provided its documents on those topics. Specifically, Resurgent responded to the requests with all information in its possession, custody, and control.

1. **Plaintiff's Request 7 is Overly Broad – It is Not Relevant to the Claims and Defenses in this Case.**

Plaintiff seeks written procedures that go way beyond the claims and defenses in this case. Specifically, Plaintiff's Request for Production 6 seeks Resurgent's documents for procedures designed to avoid violation of the FDCPA. Resurgent has produced eleven (11) FDCPA compliance procedures, even though eight (8) of those cover topics not implicated in this case (handling out-of-statute debt, acquisition of location information, etc.).

Likewise, Plaintiff's Request for Production 7 is dramatically overly broad. Here is that request:

> RFP #7. Produce all documents, including but not limited to operation manuals, training manuals, and all other operations and training materials, relating to Defendant's debt collection procedures.

Before Plaintiff filed his motion to compel, Resurgent **already produced** the following documents related to debt collection procedures:

> Unfair Practices (FDCPA)
> Abusive or Harassing Practices (FDCPA)
> Acquisition of Location Information (FDCPA)
> **Ceasing Communications (FDCPA)**
> Customer Communication (FDCPA)

3

**Communicating with a Consumer's Attorney (FDCPA)**
False or Misleading Representations (FDCPA)
Misrepresentation and Legal Threats (FDCPA)
Out-of-Statute Debts (FDCPA)
**Validation and Verification (FDCPA)**

Those documents were bates-stamped RCS272-351. Even though the procedures highlighted in bold are the only ones relevant to this case, Resurgent produced eight additional procedures to Plaintiff's counsel in an attempt to avoid the present motion.

Not content with that haul, Plaintiff now seeks additional procedures which would include licensing, out-of-statute debt handling, post-dated check handling, Servicemember Civil Relief, Health Information Safeguards (HIPAA), Anti Predatory Lending, Equal Credit and Anti-Discrimination (ECOA), Bank Secrecy Act (BSA), accommodating disabled customers, customer information safeguards (GLBA Safeguards Rule), Account-Level Tax Reporting, Financial Abuse, Cell Phone Contact (TCPA), Dialer Usage, Caller ID (TCIDA), decedent debts communication, and repossession. Those topics are not implicated in this case, and Plaintiff's Request #7 is clearly overly broad.

Federal Civil Rule 34(b) requires a request to be made with "reasonable particularity." *See* Fed.R.Civ.P. 34(b). Such a blanket request for "all" procedure documents is not in line with the federal rules and is beyond the applicable scope of discovery.

The baseline for discovery is relevance.

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim or defense** and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, **the importance of the discovery in resolving the issues**, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).

Here, Plaintiff's entire case turns three simple allegations (1) Resurgent allegedly failed to comply with his "cease and desist" request, (2) Resurgent failed to provide timely and sufficient verification of the account, and (3) Resurgent communicated directly with him after having knowledge that he was represented by counsel. *See* ECF Doc. # 4, Page ID # 74-75.

Given this understanding, Resurgent has produced the potentially applicable policies, including the following:

> **RCS-PL-041 Ceasing Communications (FDCPA)**
> **RCS-PL-046 Communicating with a Consumer's Attorney (FDCPA)**
> **RCS-PL-059 Validation and Verification (FDCPA)**

Those procedure documents were produced in unredacted form. Resurgent also produced eight (8) additional FDCPA procedure documents even though they have no relation to the claim or defense.

Plaintiff tries to make his requests seem reasonable, stating that "[e]ach request is narrowly tailored to elicit information and documentation related to the BFE defense and thus are likely to lead to the discovery of admissible evidence", *see id*. at Page ID #152, but that is not quite accurate. Plaintiff's Request for Documents 6 and 7 are overly broad and exceed the scope of discovery. Request 6 relates to any FDCPA topic, not just the three (3) at issue in the complaint – and to err on the side of disclosure, Resurgent produced all thirteen (13) of its FDCPA policies. Resurgent's procedure documents related to issues beyond compliance with the FDCPA have no relation to the claim or defense.

5

Here, it would be disproportionate to require Resurgent to produce all policy and procedure documents relating to every imaginable topic. Instead, the responses Resurgent has provided are proportionate and responsive. Resurgent's production includes more than what relates to Plaintiff's limited claim and the bona fide error defense. Requiring even more from Resurgent would discard the standard set forth by the amended Federal Rules. Resurgent has provided all relevant and responsive documents that it has. Plaintiff's motion to compel additional responsive documents should be denied.

**2. Resurgent Already Produced all Responsive Information to Plaintiff's Interrogatories 8 and 12.**

Plaintiff's second area of concern is simple to resolve. Plaintiff seeks "all documents relating to the Account and the collection of the Balance or related debt, including but not limited to any and all internal and external non-privileged email and text communications." Those documents have been provided, and no additional documents have been identified which would be responsive.

Nonetheless, Plaintiff claims that Resurgent only provided him with a "two-page account history" but that is not quite accurate. Resurgent produced over 200 pages of account-specific information. The responsive documents include:

- Account statements
- Account Portal Notes
- Resurgent's Servicer Correspondence Routing Forms
- Correspondence from Plaintiff regarding the account
- Correspondence from Resurgent regarding the account
- Correspondence from outside account servicers

6

- Information showing timing of use of outside account servicers

In short, those documents represent everything Resurgent possesses concerning Plaintiff's account. There are no account-level documents being withheld. This was explained to Plaintiff's counsel before Plaintiff filed his motion to compel.

### 3. There is no Additional "internal and third-party documentation" Related to Plaintiff's Account.

Plaintiff's final area of inquiry is likewise simple to resolve. Plaintiff complains that he needs additional "internal and third-party documentation", but, there **are no additional documents in Resurgent's possession that relate to Plaintiff's account**. Resurgent produced its record showing the placement of the account with third-party vendors (RCS294)

Respectfully submitted,

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)
Zachary P. Elliott (0090057)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway, First Floor
Beavercreek, OH 45431
Tel. (937) 839-2881
Fax (800) 839-5843
bgentry@boydgentrylaw.com
zelliott@boydgentrylaw.com
*Counsel for Resurgent Capital Services LP*

**Certificate of Service**

    I certify that the foregoing has been served by the Court's CM/ECF service to all counsel of record on February 2, 2022.

                                      /s/Boyd W. Gentry
                                      Boyd W. Gentry (0071057)